.˙ THE STATE, JOHN S. ROBERTS, PROSECUTOR, v. THE
CITY OF CAMDEN ET AL.

Submitted December 5, 1898—Decided February 27, 1899.

1. Where, by charter, a city council is made sole judge of the election
   returns and qualifications of its own members, its action, seating a
   member after investigation, is final and conclusive, although the council
   must organize annually, while membership may extend beyond the
   term of the council as then organized.
2. If a resolution be offered in a city council to strike from the roll the
   name of a member seated by the preceding council, whose term has
   not expired, and to substitute that of another person in his stead, such
   resolution may be removed to this court by *certiorari* without awaiting
   action thereon by the council. ·

On *certiorari*.

Before Justices LUDLOW and COLLINS.

For the prosecutor, *Henry M. Snyder, Jr.*

For the defendants, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

COLLINS, J.   The council of the city of Camden is by the
charter of that city made the sole judge of the election returns
and qualifications of its own members.   *Pamph. L.* 1871, *p.*
224, § 26.   At the charter election held in 1897, John S.
Roberts was elected a member of such council from the Third
ward of the city for the term of three years, was sworn and
took his seat in due course.   His title was challenged by Dr.
William Shafer and after investigation was, on January 4th,
1898, by resolution confirmed.   At the next charter election
the personnel of the council was in some degree changed and,
at the organization meeting in 1898, a resolution, directing
that the name of John S. Roberts be stricken from the roll
and that of William Shafer be inserted thereon as the repre-
sentative of the Third ward, was introduced in the council.

Before any action thereon that resolution was removed to this court by the present writ. It has already been decided that where a city council is made by the charter the sole judge of the election and qualification of its members, its action in seating a member, after investigation of his title to membership, is final and conclusive; and that a resolution offered in a succeeding council to investigate such title may be removed to this court by *certiorari* before action thereon. *Kendell* v. *Camden,* 18 *Vroom* 64. This would seem to demonstrate the illegality of the resolution now challenged, but the defendants seek to uphold it on the ground that the charter provision above cited has, *pro hac vice,* been superseded by action under the General Election law of the state. In *State, ex rel. Henry,* v. *City Council of Camden,* 13 *Vroom* 335, it was held that the law itself did not repeal this charter provision; but Mr. Justice Depue, *In re recount of votes in Newark,* 15 *N. J. L. J.* 10, expressed the opinion that the general law applies notwithstanding city charters—that is, that charters do not furnish an exclusive means of inquiring into municipal elections. Accordingly it has been proved in this case that a justice of this court under section 52 of the Election law of 1890 (*Gen. Stat., p.* 1341, *pl.* 284), by orders, made April 29th, 1897, set aside and nullified Mr. Roberts' election and ordered a new election on May 18th, 1897, at which Dr. Shafer was chosen and his election duly certified. It is claimed, therefore, that the action of the former council in seating·Mr. Roberts was altogether ineffectual and that, by adopting the resolution brought up by the present writ, the new council would simply be recognizing a lawful adjudication by a competent tribunal, that Dr. Shafer was the *de jure* member of the council from the Third ward.

Although some of the provisions of the General Election law for contesting elections have been upheld as supplemental to the electoral machinery (*Conger* v. *Convery,* 23 *Vroom* 417; *Convery* v. *Conger,* 24 *Id.* 468, 658), it would seem that all such supplemental proceedings are but presumptive in effect, leaving free the tribunal whose function may be ultimately to

judge of the validity of an election. If this be the true view the council was within its rights in its action of January 4th, 1898, which as appears was taken after considering both elections. But, as, by the statute relied on by defendants, the certificate of the new election was, within constitutional limits, made final and conclusive on all persons and parties, it is argued that the city council was by it concluded. It is not worth while to consider this question, for by the decision of . the case of Roberts *v.* Shafer rendered at the present term, this court has held nugatory the enactment itself.

The resolution removed is therefore set aside, with costs.